UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON DYE,

                  Plaintiff,                                Case No. 13-cv-14854

                                                      Paul D. Borman

v.                                               United States District Judge

                                                 Mona K. Majzoub

WELLS FARGO HOME                    United States Magistrate Judge

MORTGAGE,

                  Defendant.

_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 2)

        Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. (ECF No. 2.) Plaintiff filed a Response (ECF No. 8) and Wells Fargo filed a Reply (ECF No. 12). The Court held a hearing on February 12, 2014. Subsequent to the hearing, Plaintiff, who proceeds *pro se*, filed a Supplemental Brief. (ECF No. 14.) Pursuant to the Court's Order, Wells Fargo filed a response to the Supplemental Brief. (ECF No. 22.) For the reasons that follow, the Court GRANTS Wells Fargo's Motion to Dismiss and DISMISSES Plaintiff's Complaint.

**INTRODUCTION**

        Plaintiff commenced this action against Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") in Macomb County Circuit Court on October 28, 2013. Wells Fargo removed the case to this Court on November 25, 2013 on the basis of diversity of citizenship. (ECF No. 1, Notice of Removal.) Plaintiff's Complaint consists of 23 factual allegations regarding a "faulty assignment" of his mortgage, "improper endorsement" of his note and "splitting of his note" from his mortgage. The

1

Complaint does not contain any "counts" or "claims," does not mention an imminent foreclosure but contests Wells Fargo's "standing" to foreclose and seeks "return of all money paid to Wells Fargo."

As it turns out, Plaintiff *was* in default on his Mortgage and challenged Wells Fargo's planned foreclosure by advertisement in a separate motion filed in state court contemporaneous with the filing of his Complaint. Plaintiff has now fully reinstated his mortgage loan and the pending foreclosure has been cancelled. Thus, even if pled in Plaintiff's Complaint, any claim regarding wrongful foreclosure is now moot. Apparently, however, Plaintiff continues to press his claim that there was an invalid assignment to Wells Fargo, that Wells Fargo "may not" actually possess the original Note and that therefore Plaintiff "may be" entitled to return of all the monies he has paid on his Mortgage loan since its inception.

Wells Fargo responds that Plaintiff's mortgage has been validly assigned to it from Mortgage Electronic Registration Systems (MERS), and that splitting the Mortgage and Note does not affect Wells Fargo's rights to proceed with foreclosure by advertisement or otherwise enforce its rights under the Mortgage. Wells Fargo further asserts that it does possess the validly executed Note, which is endorsed in blank. For the reasons that follow, the Court GRANTS Wells Fargo's motion and DISMISSES the Complaint.

## I.      BACKGROUND

On April 5, 2006, Plaintiff executed a Note in favor of Ohio Savings Bank in the amount of $170,000. (ECF No. 2, Def.'s Mot. Ex. 1.)[1] The Note was secured by a Mortgage on real property

---

[1]  Plaintiff does not attach a copy of the Note to his Complaint but refers to the Note in the Complaint. (ECF No. 1, Notice of Removal, Ex. 1, Compl. ¶ 7.) In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a

situated in the City of Warren, County of Macomb, described as Lot 43, Johnwarner Subdivision, according to the Plat thereof Recorded in Liber 7, Page 66 of Plats, Macomb County Records, commonly known as 31668 Eckstein Street, Warren, Michigan 48092 ("the Property").  (Pl.'s Compl. Ex. 2; Def.'s Mot. Ex. 2.)  The Mortgage was recorded on April 12, 2006 in Liber 17753, Page 811, Macomb County Records.[2]  *Id.*  The Mortgage was granted to MERS solely as nominee for the lender and the lender's successors and assigns.  *Id.* at 2.

Plaintiff alleges in his Complaint that on "September 9, 2013, a faulty Assignment of Mortgage was recorded" without "supporting or authorizing documentation."  Compl. ¶ 11-12. Plaintiff does not attach a copy of this alleged assignment of his Mortgage to his Complaint.  Wells Fargo attaches to its Motion a copy of a September 24, 2012 Assignment of Plaintiff's Mortgage from MERS to Wells Fargo, which was recorded with the Macomb County Register of Deeds on September 24, 2012, in Liber 21575, Page 908.  (Def.'s Mot. Ex. 3.)  Plaintiff attaches to his response to Wells Fargo's motion a copy of an Assignment of the Mortgage from MERS to Wells Fargo dated September 14, 2009, and recorded with the Macomb County Register of Deeds on

---

government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).  Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).  "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

[2]  Plaintiff alleges in his Complaint that the April 5, 2006 Mortgage has never been recorded with the Macomb County Register of Deeds.  (Compl. ¶ 9.)  This is belied by the public records.  The copy of the Mortgage attached to Plaintiff's Complaint, and the copy attached as an Exhibit to Defendant's Motion, both bear the legend indicating filing with the Macomb County Register of Deeds on April 12, 2006.

September 24, 2009, in Liber 19959, Page 35.  (Pl.'s Resp. Ex. 7.)   Both Assignments contain the correct legal identification of the Property and correctly reference the April 12, 2006 recording of the April 5, 2006 Mortgage on the Property.  The 2009 Assignment also notes the commonly known as address as "31666-31668 Eckstein St., Warren, MI 48092," a slightly different description than the commonly known address of 31668 Eckstein St. Warren, MI 48092.  (Pl.'s Resp. Ex. 7.)

Although Plaintiff has now fully reinstated his loan, he does not dispute that he previously defaulted on his Mortgage payments and that Wells Fargo commenced foreclosure by advertisement proceedings.  When Plaintiff commenced this action in Macomb County Circuit Court on October 28, 2013, he simultaneously filed a motion seeking to "Terminate Unlawful Foreclosure." (ECF No. 12, Def.'s Reply Ex. 1, Copy of State Court Docket.)   The state court scheduled a hearing on Plaintiff's motion for November 4, 2013 and issued a TRO on that date. *Id*.  The court scheduled the motion for hearing on December 2, 2013, docketed the removal of this action to federal court on November 26, 2013 and dismissed the action on December 2, 2013.  *Id*.[3]

Plaintiff filed a "Motion to Suspend Foreclosure Sale" in this Court on January 8, 2014. (ECF No. 7, Preliminary Motion to Suspend Foreclosure Sale.)  On January 10, 2014, this Court held a phone conference with the parties during which Wells Fargo agreed to suspend the foreclosure sale pending this Court's resolution of this Motion to Dismiss, thus mooting Plaintiff's motion to suspend the foreclosure.  Plaintiff has now fully reinstated his loan and the foreclosure has been cancelled.

---

[3] Plaintiff also claims that Wells Fargo was in default in state court prior to removal of this action for failing to timely respond to the Complaint and should therefore be considered in default in this Court.  The Court rejects this argument.  There is absolutely no evidence that a default was sought and/or entered in state court and Plaintiff suggests no basis on which Wells Fargo could be found in default in this Court.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face.  *Id*. at 570.  The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50.  A plaintiff's factual allegations, while "assumed to be true, must do more than create

5

speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969). While a "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), still under even this lenient standard *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The leniency granted to *pro se* plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Id*. at 714 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir.

6

1997).

## III.   ANALYSIS

The underlying nature of Plaintiff's claim at this point is unclear, given the reinstatement of his mortgage loan and cancellation of the foreclosure proceedings.  Claims related to the attempted foreclosure are clearly moot.  Nor can Plaintiff plausibly allege any claim for relief to quiet title, given that he has not fully repaid or satisfied his debt on the Property and could not possibly establish superior title free and clear of Wells Fargo's valid encumbrance.  *See Leone v. Citigroup, Inc.*, No. 12-10597, 2012 WL 1564698, at *3 (E.D. Mich. May 2, 2012) ("Because the indebtedness has not been fully paid, the mortgage remains a valid encumbrance on the property. Thus, plaintiff cannot state a plausible claim for relief to quiet title.").

Thus, the nature of any remaining claim is undefined.  Plaintiff initially challenged the recording of the Assignment of the Mortgage from MERS to Wells Fargo but, as the Court explained *supra*, Wells Fargo presented evidence from the public records establishing the recording of the Mortgage as well as the recording of the Assignment.  Wells Fargo demonstrated that a record chain of title existed prior to the foreclosure, which is all that was required to permit it to proceed with a foreclosure by advertisement pursuant to Mich. Comp. Laws § 600.3204(3).  (Def.'s Reply 6.)  A determination of whether a record chain of title exists is "limited to an examination of the public records."  *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 103 (6th Cir. 2010), *cert. denied*, ––– U.S. ––––, 131 S.Ct. 1696 (2011).  There is no requirement that the Note, in addition to the Mortgage, be recorded.  *Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 538 (6th Cir. 2012) (noting that the Michigan statute "clearly requires only a record chain of title for the mortgage, not the underlying debt").  Plaintiff offers nothing to contest

7

this record evidence, which establishes that Wells Fargo was a proper foreclosing party under the Michigan statute.

In any event, the law is clear that Plaintiff has no standing, in a foreclosure proceeding or otherwise, to challenge the underlying validity of the Assignment of the Mortgage from MERS to Wells Fargo. *See Livonia Properties*, 399 F. App'x at 102 ("[A] litigant who is not a party to an assignment lacks standing to challenge that assignment.") (citation omitted). The Sixth Circuit, in *Livonia Properties*, recognized an exception, not applicable here, where:

> An obligor "may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void." 6A C.J.S. Assignments § 132 (2010). These defenses include nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment, none of which are available in the current matter. *Id*. Obligors have standing to raise these claims because they cannot otherwise protect themselves from having to pay the same debt twice. *Id*.

399 F. App'x at 102 (citing *Bowles v. Oakman*, 246 Mich. 674 (1929) (holding that the maker of a promissory note who remains obligated on the note lacks standing to attack the validity of a transfer to which he was not a party)). Because Plaintiff does not allege any facts that would support such defenses and does not plausibly allege that he has ever been or will be placed in a situation that would cause him to incur double payments on his Mortgage, he lacks standing to challenge the assignment of his mortgage from MERS to Wells Fargo. *See Robinson v. Select Portfolio Servicing, Inc.*, 522 F. App'x 309, 312-13 (6th Cir. 2013) (citing *Livonia Properties* and holding that because "the plaintiffs do not raise any such defenses, and because the Robinsons were never placed in a predicament that would require them to incur double payments on the same obligation, the district court did not err in concluding that the plaintiffs lacked standing to contest the validity of the assignment of their mortgage to the trust"); *Kiefer v. ABN AMRO*, No. 12-10051, 2012 WL 3600351, at *4 (E.D. Mich. June 12, 2012) ("plaintiffs do not contend that the debt was nonassignable, that

8

any of the defendants lacked title at the time the assignments took place, or that any of the assignments had been previously revoked . . . [and do] not have standing to go beyond the statutory requirements to inspect each and every contract or agreement between any predecessor and successor mortgagee, searching for 'irregularities' and noncompliance"). *See also Conlin v. Mortg. Elec. Reg. Systems, Inc.*, 714 F.3d 355, 362 (6th Cir. 2013) (noting that a third party can only challenge an assignment of mortgage on a showing of prejudice, i.e. that they face the potential for double liability if the assignment stands); *Fortson v. Federal Home Loan Mortg. Corp.*, No. 12-10043, 2012 WL 1183692, at *4 (E.D. Mich. April 9, 2012) (relying on *Livonia Properties* and finding that where Wells Fargo produced documentation that it had been assigned all rights in the loan, plaintiff could not claim that he was subject to double liability on the debt and therefore had no standing to challenge the assignment); *Kapila v. Bank of New York Mellon*, No. 12-12858, 2012 WL 4450816, at *2 (E.D. Mich. Sept. 25, 2012) (holding that "because Plaintiff does not and cannot allege that he is at risk of paying the same Mortgage Loan debt twice, he cannot raise a defense that would render the challenged assignment invalid, ineffective, or void"); *Stack v. BAC Home Loans Servicing, LP*, No. 11-13746, 2012 WL 3779186, at *5 (E.D. Mich. Aug. 31, 2012) (holding that "Plaintiffs, who were not parties to the assignment, lack standing to challenge the validity of the assignment between MERS and BANA" where "no viable claim has been advanced that Plaintiffs might be subject to double liability on this debt").[4]

---

[4]  Even if Plaintiff had standing to challenge the validity of the assignment from MERS to Wells Fargo, Plaintiff alleges no facts that suggest the plausible success of such a challenge on the merits. As discussed *supra*, MERS was the original Mortgagee under the validly recorded Mortgage. Plaintiff expressly granted MERS the authority to assign the Mortgage (Mortg. p. 2 of 13), which MERS did to Wells Fargo, as further established by the public recording of the Assignment. This establishes a clear record chain of title for the Mortgage. *See Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 537-38 (6th Cir. 2012) (where MERS, as the original mortgagee of record, used

Plaintiff suggests, but provides no factual allegation beyond pure speculation, that he may face double liability on the Note.  Plaintiff's speculation that Wells Fargo "may not" possess the original Note because of an FDIC announcement in 2009 regarding New York Community Bank's purchase of certain assets of AmTrust Bank, is insufficient to state a claim for relief.  As an initial matter, Plaintiff provides no authority for his assertion that Wells Fargo must possess the original Note in order to enforce the terms of Plaintiff's Mortgage.  *See, e.g. Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (finding that BAC was not required to produce the original "wet ink" note in order to initiate a non-judicial foreclosure).  In this case, Wells Fargo has submitted evidence that it is the valid holder of a Note that is endorsed in blank, making it payable to the entity who possesses the Note pursuant to Mich. Comp. Laws § 440.3205(2).  (Def.'s Mot. Ex. 1.)[5]

In recognition of Plaintiff's *pro se* status, the Court permitted Plaintiff to file a supplemental brief regarding his threadbare allegations - but his supplemental filing contained nothing but further speculation about what might happen if in fact some unidentified entity other than Wells Fargo one day in the future tried to collect on his Note.  Wells Fargo has produced a copy of the Note, which bears Plaintiff's signature and is endorsed in blank.  Plaintiff does not challenge the authenticity of the Note and cannot challenge Wells Fargo's status as the bearer of that Note.  "Without a genuine

---

the power of assignment granted to it in the mortgage instrument to assign the mortgage to Wells Fargo who publicly recorded the assignment, Wells Fargo, as record holder of the Mortgage by assignment from MERS, had the authority to initiate foreclosure proceedings).

[5] Given Wells Fargo's multiple representations on the record that it is the valid holder of the Note and that it is the party with the right to enforce the Note, Plaintiff would possibly have recourse if these representations proved to be false and Plaintiff was at some point in fact subject to double liability on the Note.

claim that [Wells Fargo] is not the rightful owner of the loan and that [Plaintiff] might therefore be subject to double liability on its debt," Plaintiff lacks standing to challenge the assignment of the Mortgage from MERS to Wells Fargo. *Livonia Properties*, 399 F. App'x at 102.

Plaintiff's speculation that some unknown third party may at some future point in time attempt to collect on his Note because of a 2009 FDIC announcement of unexplained relevance is simply insufficient to state a claim. *Conlin v. Mortg. Elec. Reg. Systems, Inc.*, No. 11-15352, 2012 WL 3013920, at *2 (E.D. Mich. July 20, 2012), *aff'd Conlin, supra* (finding that "Plaintiff's contention that he may be subject to double liability is mere conjecture, unsupported by any factual allegations," and dismissing pursuant to Fed. R. Civ. P. 12(b)(6)).  Under the pleading standards set forth in *Twombly*, and further clarified in *Iqbal*, Plaintiff must do more than merely speculate and create suspicion.  Plaintiff's Complaint "must contain either direct or inferential allegations respecting all the material elements [of his claim] to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Plaintiff has fully reinstated his loan and there is no foreclosure pending, making the nature of any remaining claim that Plaintiff may have against Wells Fargo entirely unclear.  Plaintiff does not allege that he has fully repaid his indebtedness or discharged the balance on his loan, completely undermining any possible claim to title free and clear of Wells Fargo's valid encumbrance on the Property.  Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.[6]

---

[6] Plaintiff also suggests that an alleged splitting of the Note and Mortgage would somehow compromise Wells Fargo's rights to enforce its rights under the Mortgage.  The Michigan Supreme Court's ruling in *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), made it clear that a party holding a mortgage indeed has rights of enforcement and is authorized to foreclose by advertisement even where that party does not also hold an interest in the note.  *See Yuille v. American Home Mtg. Servicing, Inc.*, 483 F. App'x 132, 135-36 (6th Cir. 2012) (recognizing *Saurman's* holding to this effect).  Thus any claim based upon the alleged separation

**III.    CONCLUSION**

Plaintiff's factual allegations are not enough "to raise a right to relief above the speculative level."    Accordingly, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's Complaint.

IT IS SO ORDERED.


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 13, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 13, 2014.


s/Deborah Tofil_____
Case Manager

---

of the Note and Mortgage necessarily would fail.